## PAGE v. ROGERS et al.

### No. 5623.

Court of Civil Appeals of Texas. Texarkana.

June 6, 1940.

Rehearing Granted June 27, 1940.

White, Taylor & Gardner, of Austin, for plaintiff in error.

Wellborn & Wellborn, of Henderson, and McCall & Dawson, of Longview, for defendants in error.

JOHNSON, Chief Justice.

J. E. (Gene) Rogers filed this suit in the County Court of Rusk County against Holland Page, a resident of Travis County, and B. G. Byars, a resident of Smith County, to recover damages to plaintiff's automobile as the result of defendants' alleged negligence. In substance the petition alleges that while repairing a bridge in the Henderson-Longview highway, in Rusk County, under contract with said county, defendant Page had placed obstructions in the highway without placing warning signs or flagmen to warn users of the highway of said dangerous obstructions; that plaintiff was traveling on said highway in his automobile; that behind him traveling in the same direction was the heavily loaded truck of defendant Byars; that in approaching the bridge the view was obstructed by a hill near the bridge; that upon coming over the hill and within a short distance of the bridge, plaintiff was compelled to make a sudden stop to prevent crashing into the said obstructions; whereupon plaintiff's car was struck from the rear and caused to be wrecked by Byars' truck.

Defendant Page filed in statutory form his plea of privilege to be sued in the county of his residence, and subject thereto, his answer. Defendant Byars answered but filed no plea of privilege. Plaintiff controverted defendant Page's plea of privilege, specially alleging that this suit was based upon an offense or trespass committed in Rusk County, and also attached to and made a part of his controverting affidavit his petition. The plea of privilege was tried along with the issues of the case. Upon the verdict of a jury judgment was entered that plaintiff recover as against

Page the sum of $427, but that plaintiff take nothing against Byars. Page has appealed.

Appellant contends that error was committed in overruling his objections to special issue No. 1, because the question submits two issues in one. It reads as follows: "Special Issue No. 1: Do you find from a preponderance of the evidence, if any, that the employees of Holland Page blocked the highway at the time and place in question without setting out flags or giving any warning to the approaching automobiles of such blockade of the road?"

Appellant's contention is sustained. Two controverted issues are contained in the one question. R.S. Article 2189, requires submission of the issues separately. 41 Tex.Jur. 1100, Sec. 274.

Appellant also complains of the trial court's action in overruling his objections to the court's instructions following special issue No. 19. The question, and the court's instructions following the question, and the jury's answer read as follows: "Special Issue No. 19: Do you find from a preponderance of the evidence, if any, that the collision was not an unavoidable accident? Answer: It was not an unavoidable accident or it was an avoidable accident. Answer: It was an unavoidable collision." This contention of appellant is also sustained. As framed, the instructions do not authorize the jury to answer the question in either one or the other of two ways, but restricts the jury to an affirmative answer; that is to say, an answer framed in either one of the two ways directed by the court means one and the same thing, for an accident that is "not unavoidable" is the same as an accident that is "avoidable," therefore the jury violated the instructions of the court when they answered, "It was an unavoidable collision." Had it been rendered in accordance with the jury's answer, the judgment would have been for defendants. The issue of unavoidable accident is one at the hands of which justice has suffered much punishment. Even when submitted in approved form it is more of a puzzle than a practical working tool for the trial court. But it is in our jurisprudence and this court is not authorized to take it out. In view of another trial of this case, we call attention to the case of Gulf, C. & S. F. R. Co. v. Giun, 131 Tex. 548, 116 S.W.2d 693, 116 A.L.R. 795, in which Judge Taylor of the Commission of Appeals has suggested some instructions to be given in connection with the submission of issue of unavoidable accident.

The judgment of the trial court will be reversed and the cause remanded.

On Motion for Rehearing.

Upon further consideration of the record herein, we are of the opinion that we were in error in our judgment of June 6th, 1940, whereby it was directed that the judgment of the trial court be reversed and the cause remanded as to both of the appellees. Such judgment is set aside, and judgment is now here rendered reversing the judgment of the court below in so far as it is against Holland Page, and the cause will be remanded for a new trial in so far as it pertains to the controverted issues as between J. E. (Gene) Rogers and the said Holland Page.

The judgment of the trial court that plaintiff take nothing as against B. G. Byars is affirmed.